UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>IN RE ROYAL DUTCH/SHELL<br>TRANSPORT ERISA<br>LITIGATION | CIVIL ACTION NO. 04-1398(JWB)<br>(Consolidated Cases)<br>Judge John W. Bissell |

**JUDGMENT**

1. Consistent with the terms of the Order Approving Settlement entered on *Aug. 29*, 2005 (the "Approval Order"), the settlement of this class action on the terms set forth in the parties' July 8, 2005 Stipulation of Settlement and Exhibits A through H to the Stipulation of Settlement (collectively the "Settlement Agreement"), is approved as fair, reasonable and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and is in the best interests of the Settling Parties and the Class Members.

2. Pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2), the Court finally certifies a class for settlement purposes that consists of all persons (the "Class" or "Class Members") who were participants or had an interest in one or more of the ERISA Plans during the period from December 3,

1

1999 through April 29, 2004, inclusive (the "Class Period"); provided that such individuals shall not be Class Members with respect to any purchase, sale, exchange, acquisition, disposal, transfer or any other Investment Decision involving Royal Dutch Securities outside of and separate from their participation or interest in the ERISA Plans.

3. The Notice, the Summary Notice and the notice methodology, all implemented in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to review discovery produced to Co-Lead Plaintiffs by Defendants, their right to object to the proposed settlement and their right to appear at the Fairness Hearing, (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice, and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

4. The claims in this Action are dismissed with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Approval Order, without costs to any party except as provided therein.

5. Subject to the conditions and limitations set out in paragraph 13 of the Approval Order, all Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claims and (ii) all persons or entities are permanently enjoined from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of or relates to any Released Claims.

6. The Court retains continuing and exclusive jurisdiction over this Action for the reasons and purposes, and subject to the conditions, set forth in the Court's Approval Order.

JUDGMENT is hereby entered in accordance with Federal Rule of Civil Procedure 58 this 29th day of August, 2005.

                                                JOHN W. BISSELL
                                                CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT